RECEIVED

MAR 3 1 2005

CLERK
U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | CIVIL ACTION NO. 05-663 RHK/JSM |
| Plaintiff, ) ) | |
| v. ) ) | COMPLAINT |
| VENTURA FOODS, LLC ) ) | Jury Trial Demand |
| Defendant. ) ) | |

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act of 1967 ("ADEA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Equal Pay Act ("EPA") to correct unlawful employment practices instituted and maintained by Defendant. Specifically, Defendant institutes and maintains a policy contained in its Severance Agreement and General Release that requires terminated employees to waive their rights to file a discrimination charge with the EEOC in exchange for severance payments. Such policy is retaliatory under the ADEA, Title VII and the EPA.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 4(d) and 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§623(d) and 626(b) ("ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §§216(c) and 217; Section 706(f)(1) of Title VII

of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and Section 704(a), 42 U.S.C. §2000e-3(a) ("Title VII"); and Section 17 of the FLSA, 29 U.S.C. §217, to enforce the requirements of the Equal Pay Act of 1963 ("EPA"), codified as Section 15 of the FLSA, 29 U.S.C. §215(a)(3).

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the District of Minnesota.

## PARTIES

3. The Plaintiff, the Equal Employment Opportunity Commission ("EEOC"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of the ADEA, Title VII and the EPA, and is expressly authorized to bring this action by Sections 4(d) and 7(b) of the ADEA, 29 U.S.C. §§623(d) and 626(b) as amended by Section 2 of the Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and Public Law 98-532 (1984), 98 Stat. 2705; Section 706(f)(1) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3); and Section 17 of the FLSA, 29 U.S.C. Section 217, as amended by Section 1 of the Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Ventura Foods, LLC ("Defendant"), has continuously been a Delaware corporation doing business in the State of Minnesota and the City of Albert Lea, and has continuously had at least 15 employees. Defendant has also continuously been doing business in at least eight other states including Louisiana, Alabama, Pennsylvania, Texas, Oregon, Missouri, Wisconsin and California, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§630 (b), (g) and (h).

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g) and (h).

7. At all relevant times, Defendant has acted directly or indirectly as an employer in relation to employees and has continuously been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d).

8. At all relevant times, Defendant has continuously employed employees engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(b), (i) and (j) of the FLSA, 29 U.S.C. §§203(b), (i) and (j) or has continuously been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(r) and (s) of the FLSA, 29 U.S.C. §§203(r) and (s), in that said enterprise has continuously been an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

## CONCILIATION

9. Prior to the institution of this lawsuit, the EEOC's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. §626(b).

## STATEMENT OF CLAIMS

10.     More than thirty days prior to the institution of this lawsuit, Donald R. Anderson filed a charge with the EEOC alleging violations of the ADEA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

11.     At all relevant times, Defendant has had a policy in which it requires terminated employees to sign a document titled "Severance Agreement and General Release" in exchange for monetary compensation and benefits. A provision included in the Severance Agreement and General Release requires that an employee promise to never file a discrimination charge. The provision prohibits an employee from filing or prosecuting a charge with any administrative agency, and to request any administrative agency or other body assuming jurisdiction of any such lawsuit, complaint or charge to withdraw from the matter or dismiss the matter with prejudice. The effect of such practices is that it:

   a.   retaliates against individuals affected by the Severance Agreement and General Release because it violates their rights under the ADEA, Title VII and the EPA to file a charge with the EEOC, or to testify, assist or participate in an EEOC investigation or proceeding; and

   b.   impedes the EEOC in its ability to investigate charges of discrimination, and carry out its mission mandated by Congress to enforce the federal anti-discrimination laws.

12.     The unlawful employment practices complained of in paragraph 11 above were intentional.

13.     The unlawful employment practices complained of in paragraph 11 above were done with malice or with reckless indifference to the federally protected rights of employees.

## PRAYER FOR RELIEF

Wherefore, the EEOC respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from instituting and maintaining a Severance Agreement and General Release, or any other similar agreement, which retaliates because of an employee's right to file a charge with the EEOC, or participate in an EEOC investigation or proceeding.

B.      Order Defendant to contact former employees who were affected by the Severance Agreement and General Release by delivering a corrective notice with a revised Severance Agreement and General Release, and tolling all limitations periods for a charge, claim or (under the EPA) suit filing until the date of actual delivery of corrective notice, which sets the applicable time limitation running anew.

C.      Order Defendant to institute and carry out policies, practices and procedures, which provide equal employment opportunities for employees who wish to file charges with the EEOC or participate in an EEOC investigation or proceeding, and which eradicates the effects of its past and present unlawful employment practices.

D.      Order Defendant to make whole any employees by providing affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to revising the Severance Agreement and General Release to expressly permit employees to file

charges with the EEOC, and to participate in an EEOC investigation or proceeding without losing their severance pay and benefits and without violating the agreement.

  E. Order Defendant to make whole any employee whose severance pay and/or benefits were withheld by Defendant because he or she either filed a charge with the EEOC or participated in an EEOC investigation or proceeding.

  F. Order Defendant to make whole any employee whose severance pay and/or benefits were withheld by Defendant because they refused to sign the Severance Agreement and General Release because it prohibited the individual from filing a charge with the EEOC or participating in an EEOC investigation or proceeding.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the EEOC its costs of this action.

## JURY TRIAL DEMAND

The EEOC requests a jury trial on all questions of fact raised by its Complaint.

        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION

        ERIC S. DREIBAND
        General Counsel

        JAMES L. LEE
        Deputy General Counsel

        GWENDOLYN YOUNG REAMS
        Associate General Counsel

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1801 "L" Street, N.W.
Washington, D.C. 20507

Dated: 3-31-05

JEAN P. KAMP
Regional Attorney

Dated: 3/31/05

TINA BURNSIDE (WI#1026965)
Senior Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Minneapolis Area Office
330 South Second Avenue - Suite 430
Minneapolis, MN 55401-2224
(612) 335-4047